[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13550
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:09-cr-00259-ACC-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIRO MODESTO MIRANDA-GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 16, 2011)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Jairo Modesto Miranda-Garcia appeals his 70-month sentence, imposed at the

bottom of the applicable guideline range, after pleading guilty to one count of reentry

of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). Miranda-Garcia argues that his sentence: (1) is procedurally unreasonable because the district court failed to adequately explain its reasoning, and (2) is procedurally and substantively unreasonable because the district court failed to adequately consider and then grant a downward variance consistent with the pending amendment to § 2L1.2 effective on November 1, 2010, allowing for a downward departure based on cultural assimilation. After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we perform two steps. Id. at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines

range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]  The district court need not discuss each § 3553(a) factor.  United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).  It is generally sufficient that the record, viewed as a whole, reflects that the sentencing judge considered the parties' arguments and has taken the § 3553(a) factors properly into account.  See, e.g., United States v. Irey, 612 F.3d 1160, 1194-95 (11th Cir. 2010) (en banc), petition for cert. filed, (U.S. Nov. 24, 2010) (No. 10-727).

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51).  This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788.  "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotation and brackets omitted). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Irey, 612 F.3d at 1190 (quotation omitted). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010), cert. denied, 131 S.Ct. 674 (2010). "[O]rdinarily, we would expect a sentence within the Guidelines range to be reasonable." United States v. Chavez, 584 F.3d 1354, 1365 (11th Cir. 2009), cert. denied, 131 S.Ct. 436 (2010).

In this case, Miranda-Garcia's sentence was not unreasonable. As the record shows, the district court heard and considered the arguments of both Miranda-Garcia and the government, the letter from his father, and his own personal statement, along with other relevant factors under 18 U.S.C. § 3553(a). The district court explained its reasoning for the 70-month sentence, noting its concerns regarding the risk of recidivism, based on Miranda-Garcia's history of repeated illegal reentry to the United States and his own statement to the district court. Thus, the record reflects that the sentencing court engaged in the necessary "individualized assessment based

4

on the facts presented" and indicated its particular reasons for imposing a sentence within the guideline range under § 3553(a). Gall, 552 U.S. at 50.

Furthermore, Miranda-Garcia failed to demonstrate that the district court committed a clear error of judgment by not granting a downward variance in light of the pending amendment to U.S.S.G. § 2L1.2 for downward departures based on the offender's cultural assimilation. As acknowledged by Miranda-Garcia, the proposed amendment was not yet adopted and in force, and any variance would be discretionary for the district court. The district court heard and considered this argument, but in determining the final sentence, noted the strong risk of recidivism based on Miranda-Garcia's personal history and statement. Miranda-Garcia has provided no other argument that the district court committed a clear error of judgment in considering the § 3553(a) factors. Miranda-Garcia received a sentence at the bottom of the guideline range and well below the 20-year statutory maximum sentence. His sentence is both procedurally and substantively reasonable.

**AFFIRMED.**